## VAN DER GRINTEN et al. v. DIETERICH-POST CO.

No. 7903.

Circuit Court of Appeals, Ninth Circuit.

Sept. 14, 1936.

Wray N. Hoffman, of Washington, D. C., and William S. Graham, of San Francisco, Cal. (Anthony William Deller, of New York City, of counsel), for appellant.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellants, plaintiffs below, charged appellee, defendant below, with infringing nine claims of a patent of which appellant Van der Grinten is sole owner and appellant Charles Bruning Company, Inc., is, in the United States, sole licensee. Appellants prayed for an injunction and for an accounting of profits and damages. Appellee pleaded invalidity of the patent and noninfringement thereof. The District Court held two of the claims valid and infringed, held the other seven claims valid, but not infringed, and referred the case to a master for an accounting. This appeal is from that part of the decree which holds that the seven last-mentioned claims were not infringed. Appellee, though duly cited, has not appeared or filed any brief in this court.

The patent in question is No. 1,821,281, issued to appellant Van der Grinten, assignee of Karel Van der Grinten and Louis Van der Grinten, on September 1, 1931. It is for an improvement in the manufacture of diazotypes. Diazotypes, sometimes called diazotype prints, are photographic reproductions of drawings, tracings or other written or printed matter having a transparent background.[1] They are positive prints made directly from the transparent original. They are made on copying paper which has been sensitized by the use of a diazo compound. Hence the name "diazotype."

Diazo compounds suitable for use in the diazotype process have a yellowish color and, when exposed to light, are decomposed into other chemical compounds which are practically white. When a diazo compound is united with an azo dyestuff coupling component in an alkaline medium, a dyestuff having a black or other dark color is produced.

In making a diazotype print, the original drawing, or other thing to be copied, is placed upon the sensitized face of the copying paper. Exposure is then made. During exposure light passes through the transparent background of the original and strikes upon those portions of the paper which are not hidden by the lines of the drawing. The action of the light on the exposed portions of the paper decomposes the diazo compound in the sensitive layer thereof and thereby changes its color from a faint yellow to white, thus forming the background of the print. The unexposed portions of the paper—those portions of it which, being hidden by the lines of the drawing, the light did not reach—retain their yellowish color. Thus, upon a white background, are formed faint yellow image lines corresponding to those of the original drawing.

To complete the print, the paper is next subjected to the action of a chemical developer containing an azo dyestuff coupling component and some alkaline substance, such as sodium carbonate. These are dissolved in water to form a solution in which the print is immersed. This changes the color of the image lines from a faint yellow to a permanent black or other dark color. The print is then dried and is a finished diazotype.

An alternative method is to include in the sensitive layer of the copying paper both the diazo compound and the azo dyestuff coupling component, together with an acid to prevent them from coupling—reacting on each other—prior to exposure. In developing a print made on such paper, a developer containing only an alkali is used. For this purpose, a volatile alkali may be used, instead of an alkaline solution.

Diazotype prints made in accordance with these methods were known to the art and were in common use long prior to the Van der Grinten invention. In such a print, when newly finished, the black or dark lines of the drawing or other picture thereon would stand out clearly against the white background. Soon, however, the white background would turn yellow or brown, thus making the dark lines stand out less and less clear, until, within a relatively short time, the print would become useless. Such discoloration of the background was a defect which discouraged and tended to prevent extensive use of such prints in commerce and industry.

In or about the year 1927 appellants' assignors, Karel Van der Grinten and Louis Van der Grinten, discovered that this defect could be remedied by including in the

[1] That is to say, a background through which an effective exposure can be made. It need not be completely or perfectly transparent.

background of the finished print a reducing agent capable of arresting the discoloration thereof. That is the essence of the invention covered by the patent in suit. As stated in the specification: "The invention is based on the observation that the discoloration of the background in all kinds of diazo type processes can be prevented, even for extended periods, if a reducing agent is added to the sensitive layer, or during or after development of the picture."

The claims here involved (claims 3, 4, 7, 8, 16, 40, and 41) are set out in the margin.[2] Each calls for a reducing agent "capable of arresting under normal conditions the discoloration of the components forming the back-ground of said [diazotype] prints." In claim 3 the reducing agent is described as "a reducing aliphatic compound." In claim 4 it is described as "a reducing amino compound." Also, in claims 8 and 41 it is provided that the reducing agent shall be "an amino compound." In claims 7, 16 and 40 the reducing agent is described simply as "a reducing agent."

Claims 7, 8, 40, and 41 provide that the reducing agent shall be included in the sensitive layer of the copying paper. Claim 16 provides that it shall be included both in the sensitive layer of the paper and in the developer used in developing the print. Claims 3 and 4 do not state whether the reducing agent shall be included in the sensitive layer of the paper, or in the developer, or in both. They do provide that it shall be included in the background of the print. Claims 3, 4, 7, 8, and 16 cover the processes therein described. Claims 40 and 41 cover the products resulting from the application of the processes described in claims 7 and 8.

Appellee has used and sold for use in making diazotype prints a sensitized paper called "Diepo Direcprint Paper No. 500," the light sensitive layer of which contains a diazo compound. Also included in the light sensitive layer of appellee's paper is a compound, $CS(NH_2)_2$, called thiourea, which is capable of arresting and does, under normal conditions, arrest the discoloration of the components forming the background of prints made on such paper. Thiourea is both an aliphatic compound and an amino compound. The question to be decided is whether it is also a reducing agent.[3] If so, appellee has infringed the seven claims here in question, and the de-

[2] Claim 3. "The process of rendering the back-ground of the diazo type prints substantially stable against discoloration which comprises including therein a reducing aliphatic compound capable of arresting under normal conditions the discoloration of the components forming the back-ground of said prints."

Claim 4. "The process of rendering the back-ground of the diazo type prints substantially stable against discoloration which comprises including therein a reducing amino compound capable of arresting under normal conditions the discoloration of the components forming the back-ground of said prints."

Claim 7. "The process for making diazo type prints which comprises applying to a base a layer containing a diazo compound bleaching on exposure to light, and a reducing agent capable of arresting under normal conditions the discoloration of the components forming the back-ground of said prints, exposing such layer, and contacting the exposed layer with a developer containing an azo dyestuff component."

Claim 8. "The process according to claim 7 wherein the reducing agent is an amino compound capable of arresting under normal conditions the discoloration of the components forming the back-ground of said prints."

Claim 16. "The process for making diazo type prints which comprises applying to a base a layer containing a diazo compound bleaching on exposure to light and a reducing agent capable of arresting under normal conditions the discoloration of the components forming the back-ground of said print, exposing such layer, and contacting the exposed layer with a developer containing an azo dyestuff component and a reducing agent capable of arresting under normal conditions the discoloration of the components forming the back-ground of said prints."

Claim 40. "As a new product, a base having a sensitive layer thereon containing a diazo compound bleaching upon exposure to light, and a reducing agent capable of arresting under normal conditions the discoloration of the components forming the back-ground of the finished print."

Claim 41. "The product according to claim 40 wherein the reducing agent is an amino compound capable of arresting under normal conditions the discoloration of the components forming the back-ground of the finished print."

[3] Appellee has also used and sold for use in developing prints made on its paper a developer containing an azo dyestuff coupling component and a substance called

cree should be modified accordingly. If not, these claims have not been infringed by appellee, and the decree should be affirmed.

A reducing agent is a substance which can (1) remove oxygen from other substances, or (2) decrease the nonmetallic part of a compound, or (3) add hydrogen to an element or compound. Mellor, Modern Inorganic Chemistry, pp. 506, 942.

Appellant Van der Grinten, a chemist and chemical engineer of long experience, testified that he personally had several times made tests in which, by the agency of thiourea, he had transformed cupric acetate, $Cu(C_2H_3O_2)_2$, into cuprous acetate, $Cu(C_2H_3O_2)$, and had transformed cupric chloride, $CuCl_2$, into cuprous chloride, $CuCl$. From this, if true, it necessarily follows that thiourea can remove oxygen from one of these compounds and can decrease the nonmetallic part of each, and that it is, therefore, a reducing agent.

That Van der Grinten made the tests and accomplished the results testified to by him was not disputed or denied. Testimony of appellee's experts that thiourea is not a reducing agent appears to have been based partly on the fact that they had never heard or read that it is a reducing agent, and partly on tests in which it failed to remove oxygen from certain oxygen compounds. They did not claim to have made tests to determine whether or not it can remove oxygen from cupric acetate or decrease the nonmetallic part of any compound. Their testimony should not prevail against that of Van der Grinten, based on such actual tests. We conclude, therefore, that thiourea is a reducing agent.

The trial court did not find that thiourea is not a reducing agent, but did find that "it may be that there are circumstances in which thiourea acts as a reducing agent, but thiourea as used in the light sensitive layer on defendant's [appellee's] paper is not a reducing agent in connection with the chemicals present in the background of a positive diazo type print made with defendant's paper, although thiourea does resist discoloration of the white background of a positive diazo type print to an appreciable extent for extended periods of time when present in said background."

Thereupon the trial court concluded that the seven claims here in question were not infringed by appellee, thus holding, in effect, that there can be no infringement of these claims unless the reducing agent used by the infringer is a reducing agent in connection with the chemicals present in the background of the print.

In so construing and limiting these claims, the trial court erred. The claims do not specify or require that the reducing agent shall be a reducing agent in connection with the chemicals present in the background of the print, but only that it shall be a reducing agent, that it shall be included in the background of the print, and that it shall be capable of arresting, under normal conditions, the components forming such background. Thiourea is such a reducing agent. Therefore, claims 3, 4, 7, 8, 16, 40, and 41, as well as claims 1 and 25, of patent No. 1,821,281 should have been, and now are, held infringed by appellee.

The decree is modified accordingly and, as modified, is affirmed.

---

sodium thiosulphate, which, as appellee admitted and the trial court found, is "a reducing agent capable of arresting under normal conditions the discoloration of the

components forming the background of said prints." As to that, no question is presented.